**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALIFORNIA CATTLEMEN'S ASSOCIATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| | ) |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

CASE NO. 1:17-cv-01536-TNM

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

The U.S. Fish and Wildlife Service, the U.S. Department of the Interior, the Secretary of the Interior, and the Acting Director of the Fish and Wildlife Service (collectively, "Defendants" or "FWS") hereby oppose the motion to intervene filed by Center for Biological Diversity, Central Sierra Environmental Resource Center, and Western Watersheds Project (collectively, "Applicants"). ECF No. 14 (Dec. 15, 2017) ("Applicants' Mot."). Applicants cannot satisfy the requirements for intervention of right because the Defendants adequately represent the Applicants' interests in this case. Defendants have an interest in upholding the challenged critical habitat designation, and to that end have moved to dismiss the complaint in its entirety. *See* ECF No. 11. Nor is permissive intervention appropriate, because the Applicants' general interest in the protection of the species is not sufficiently related to the narrow claims raised in this case. Thus, the motion to intervene should be denied. Alternatively, if the Court grants permissive intervention, it should limit Applicants' participation to the remedy phase of the case.

**ARGUMENT**

I.   **APPLICANTS ARE NOT ENTITLED TO INTERVENE AS OF RIGHT BECAUSE THEIR INTERESTS ARE ADEQUATELY REPRESENTED BY DEFENDANTS.**

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention of

right:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (citation omitted).

Defendants take no position on whether the Applicants satisfy the first three requirements of

Rule 24(a)(2). However, the Applicants are not entitled to intervention of right because their

interest is adequately represented by the Defendants. While the fourth requirement is "not

onerous," *Fund for Animals*, 322 F.2d at 735, it is not met where, as here, the Applicants "have

not offered any valid reason for the court to find that the Federal Defendants in this case may not

adequately represent their interests." *Alfa Int'l Seafood v. Ross*, 321 F.R.D. 5, 8 (D.D.C. 2017).

Defendants and Applicants share the same ultimate objective in this case: defending

against the claims raised by Plaintiffs and avoiding vacatur of the critical habitat designation. In

furtherance of that objective, Defendants have filed a motion to dismiss arguing that the

Complaint should be dismissed in its entirety for lack of jurisdiction and failure to state a claim.

ECF No. 11. While it is true that Defendants represent the general public interest rather than the

interest of any private party, *see* Applicants' Mot. at 15, the Applicants do not identify any

specific issue in the case on which their position would differ from that of Defendants. In fact,

Applicants do not mention *any* interest in whether FWS conducts a regulatory flexibility

analysis, the only issue raised in this case. Moreover, even if the merits of the critical habitat designation were at issue here, it appears that the Applicants approve of FWS's decision. *See* Declaration of John Buckley, ECF No. 14-4, ¶¶ 11-15 (states that the declarant "can attest to the accuracy of the rationale used" for the critical habitat designation, and favorably describing FWS's consideration of economic impacts). Unlike in *Fund for Animals*, where FWS and the Mongolian government had clearly differing interests, *see* 322 F.2d at 736-37, in this case there is no basis to find a similar divergence of interests.

Instead, Applicants rely on speculation that Defendants may fail to "present a vigorous defense" or may make "concessions" in the context of a possible settlement. *Id.* at 15-16. Such speculation does not "overcome even the low bar of showing that the Federal Defendants may not adequately represent [Applicants'] interests in this litigation." *Alfa Int'l*, 321 F.R.D. at 9; *see also General Land Office of the State of Texas v. FWS*, No. A-17-CA-538-SS, slip. op. at 8 (W.D. Tex. Nov. 30, 2017) (attached hereto as Exhibit 1) (applicants' speculation that defendants "may be less vigorous in their defense" of listing decision was insufficient to show that defendants do not adequately represent applicants' interests). Applicants also point to FWS's failure to meet the statutory deadlines to make the listing and critical habitat determinations for the species, implying that this shows a general lack of commitment to protecting the species. However, FWS's failure to meet statutory deadlines shows only that the agency lacks sufficient resources, not that the agency lacks an interest in protecting species. Thus, the Court should deny the motion to the extent the Applicants seek leave to intervene as of right.[1]

---

[1] Such dismissal could be without prejudice to permit Applicants to refile their motion if there is evidence that Defendants will not adequately represent their interests. *See, e.g., General Land Office*, slip op. at 8 (denying intervention but noting that "if Movants find Defendants are not adequately representing Movants' interest in this litigation, then Movants may file an amended motion to intervene"); *see also Appleton v. FDA*, 254 F. Supp. 6, 11-12 (D.D.C. 2003).

## II.    PERMISSIVE INTERVENTION IS NOT APPROPRIATE BECAUSE APPLICANTS HAVE NOT SHOWN AN INTEREST RELATED TO THE CLAIMS RAISED IN THIS CASE.

Permissive intervention is likewise inappropriate in this case because Applicants have not

shown that their defense "shares a question of law or fact in common with the underlying

action." *See Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004). Applicants state that

their "legal defenses share common questions of law and fact with Plaintiffs' claims because

they concern the exact matters raised by Plaintiffs regarding to [*sic*] the protection of the Sierra

frogs' critical habitat under the ESA." Applicants' Mot. at 16. However, Plaintiffs do not

challenge the merits of the critical habitat designation. Rather, their claims are limited to the

issue of whether a regulatory flexibility analysis was required. *See* Complaint for Declaratory

Judgment and Injunctive Relief, ECF No. 1 ("Complaint"), ¶¶ 45-50 (raising claims under the

Regulatory Flexibility Act ("RFA") and Administrative Procedure Act ("APA")).

The Applicants fail to point to any specific interest they have in the application of the

RFA to the critical habitat designation. They do not argue that they are small entities or that their

interests would be affected by a determination as to whether FWS was required to prepare a

regulatory flexibility analysis. Thus, "it is not clear on the present record what additional

perspective Applicants would offer on the disputed issues." *See Alfa Int'l*, 321 F.R.D. at 10.

Under these circumstances it is appropriate to deny permissive intervention to avoid duplicative

pleadings and arguments. *See id.*

If, however, the Court determines that permissive intervention is appropriate, such

intervention should be limited to the remedy phase. Applicants' arguments regarding possible

impairment of their interests are tied to vacatur of the critical habitat rule. *See* Applicants' Mot.

at 13 (arguing that their interests "would be directly and adversely affected by the relief Plaintiffs

seek: vacating the final rule designating critical habitat for the Sierra frogs"); *see id.* at 18

("Applicant-Intervenors' members' interests in protecting and enjoying the Sierra frogs are

directly linked to Plaintiffs' requested relief that the Court set aside the 2016 Critical Habitat

Rule."). Even if Plaintiffs were to prevail on the merits of their claims, the Court would retain

discretion to determine whether to vacate the critical habitat designation in whole or in part. *See*

Complaint at 14 (asking the Court to "set aside the Final Rule or enjoin its enforcement against

small entities, including the plaintiff organizations"); *see also Cement Kiln Recycling Coal. v.*

*Envtl. Prot. Agency*, 255 F.3d 855, 868 (D.C. Cir. 2001) ("Failure to comply with the RFA 'may

be, but does not have to be, grounds for overturning a rule.'") (*quoting Small Refiner Lead*

*Phase-Down Task Force v. Envtl. Prot. Agency*, 705 F.2d 506, 538 (D.C. Cir. 1983)); *Allied-*

*Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993) ("The

decision whether to vacate depends on 'the seriousness of the order's deficiencies . . . and the

disruptive consequences of an interim change that may itself be changed.'") (citation omitted).

Limiting intervention to the remedy phase would avoid duplicative arguments on the

merits while providing an opportunity for Applicants to oppose vacatur if Plaintiffs were to

succeed on the merits of their claims. Thus, if the Court grants permissive intervention, it should

exercise its discretion to limit Applicants' participation to addressing remedy issues. *See EEOC*

*v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (district courts have "wide

latitude" under Fed. R. Civ. P. 24(b)); *see also Greater Yellowstone Coal. v. Timchak*, No. CV–

06–04–E–BLW, 2006 WL 1749464, at *1-2 (D. Id. June 21, 2006) (allowing permittee to

intervene for the purpose of addressing remedy issues, but not liability); *F.T.C. v. Mercury Mktg.*

*of Delaware, Inc.*, No. Civ.A.00–3281, 2004 WL 2110686, at *2 (E.D. Pa. Aug. 25, 2004)

(granting motion for leave to intervene permissively for the limited purpose of addressing remedy).

## CONCLUSION

Applicants' motion to intervene as of right should be denied because the Defendants adequately represent the Applicants' interests in this case. Their request for permissive intervention should also be denied because the Applicants' general interest in the species is not sufficiently related to the RFA and APA claims raised in this case. Alternatively, if the Court grants permissive intervention, it should limit Applicants' participation to the remedy phase of the case.

Respectfully submitted this 10th day of January, 2018.

JEFFREY H. WOOD, Acting Assistant Attorney
General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Asst. Section Chief

*/s/ Kristen Byrnes Floom*
KRISTEN BYRNES FLOOM
Senior Trial Attorney
DC Bar No. 469615
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P. O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

*Attorneys for Defendants*