**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **CALIFORNIA CATTLEMEN'S ASSOCIATION**, *et al.,* |
| Plaintiffs, |
| v. |
| **RYAN ZINKE**, *et al.,* |
| Defendants |
| and |
| **CENTER FOR BIOLOGICAL DIVERSITY, CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, and WESTERN WATERSHEDS PROJECT**, |
| Defendant-Intervenor-Applicants |

Case No. 1:17-cv-01536 (TNM)

## ORDER

Before the Court is a Motion to Intervene filed by the Center for Biological Diversity, the Central Sierra Environmental Resource Center, and the Western Watersheds Project. The existing Defendants oppose intervention, but the Plaintiffs are not opposed. For the reasons that follow, I grant the Motion to Intervene.

### Analysis

If Fed.R.Civ.P 24(a)(2) is satisfied, a court "must" permit a party to intervene. Under that rule, "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998).

The only prong in active dispute is the fourth one: whether the Applicants' interest is "adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2).[1] "The Supreme Court has held that this 'requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

The Federal Defendants contend that they "adequately represent the Applicants' interests in this case," because they also want to maintain the critical habitat designation.  Opp. at 1.  But the Applicants argue that (1) since it was their litigation that spurred the critical habitat designation in the first place, the Applicants have demonstrated "a divergence in interests and priorities," Mem. in Support of Mot. Intervene at 15 (hereinafter "Mot."), and (2) the Federal Defendants are required to represent a broad swathe of public interests (including economic impact, etc), while the Applicants are narrowly focused on preserving endangered species. Reply at 4.  Accordingly, the Applicants fear that the Federal Defendants might settle the case in a way adverse to the Applicants' interests, Mot. at 15-16, or even (if the pending Motion to Dismiss is denied) voluntarily suspend the regulatory action at issue pending new analysis. Reply at 5.

---

[1] There is little question that prongs 1-3 are satisfied. (1) As to timeliness, a Motion to Dismiss is still pending, and the parties filed the Motion to Intervene on December 15, 2018. Dkt. #14. Due to schedule extensions, the Opposition to the Motion to Dismiss is not even due until March 20, 2018.  Minute Order of January 10, 2018.  (2) As to a legally protected interest, the intervenors have been extensively involved in this matter for years.  They offer affidavits from employees and members who have a professional interest in the amphibians at issue, regularly work to monitor and protect them, and plan to visit these specific habitats in the next year." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 566 (1992) ("It is clear that the person who observes or works with a particular animal threatened by a federal decision is facing perceptible harm, since the very subject of his interest will no longer exist.")  And finally, (3) the instant suit clearly threatens to impair the Applicants' interest in protecting these frogs.

It seems plausible that the Applicants might represent their own interests more vigorously than the Federal Defendants.  The numerous similar D.C. Circuit cases cited by the Applicants persuasively demonstrate that this conclusion is in accord with the case law.  *See* Reply at 4-5. Accordingly, the Applicants have satisfied their "minimal" burden of showing that the Federal Defendants' representation of their interest "may be" inadequate.  *See Fund For Animals, Inc.*, 322 F.3d at 735.[2]

## Conclusion

Accordingly, the Motion to Intervene is hereby **GRANTED**.  If the Defendant-Intervenors choose to file their own Motion to Dismiss, they must file that motion on or before February 27, 2018.  In that case, the Plaintiffs shall file a consolidated Opposition to both Motions to Dismiss on or before March 20, 2018, as previously scheduled.

**SO ORDERED.**

Dated: February 6, 2018

_____/s/_____
TREVOR N. MCFADDEN
United States District Judge

---

[2] In light of this conclusion, there is no need to address permissive intervention.